## Ex Parte Figueroa.

Apelación procedente de la Corte de Distrito de San Juan.

No. 41.—Resuelto en mayo 12, 1904.

Dominio—Posesión para Adquirirlo—Título—Prescripción.—Para adquirir por la prescripción ordinaria el dominio de los inmuebles es necesario acreditar el tiempo de posesión del promovente, o el de su causante, así como si posee o nó con título, y en caso afirmativo, la naturaleza del mismo.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San Juan por Don Juan Figueroa y Campos sobre declaratoria de dominio de una finca rústica, pendientes ante nos a virtud de la apelación interpuesta por el promovente contra la sen-

tencia pronunciada por el referido tribunal de distrito, la que copiada a la letra dice así:

"Puerto Rico, marzo 9 de 1903. *Vistos* este expediente, y

"*Resultando:* que Don Juan Figueroa y Campos, vecino de la Carolina, mayor de edad, de estado viudo y propietario, presentó escrito manifestando que posee y es dueño hace más de seis años de una finca rústica situada en el término municipal de la Carolina, barrio de Carrasas, compuesta de 40 cuerdas de terreno de tercera clase, equivalentes a 15 hectáreas, 72 áreas y 16 centiáreas, colindante, por el Este, con Gregorio Austú, Erutaño Soler y la quebrada denominada el 'Naranjo;' por el Sud, Gervasio Pirano, por el Norte, Rosendo Rivera y la citada quebrada, y al Oeste, la Quebrada Grande de 'Maracuto;' siendo el valor de (*) dicho terreno $300 y habiendo adquirido dicho terreno por compra a Isaías Mundo, José Rodríguez, Toribio Quiñones y Victoriano García, los cuales han fallecido, ignorándose si dejaron sucesión alguna; y que careciendo de título promovía este expediente ofreciendo prueba testifical.

"*Resultando:* que oído el Ministerio Fiscal y hecha citación de los anteriores dueños y nó de los colindantes, siguióse el juicio con las formalidades prevenidas en el artículo 395 de la Ley Hipotecaria.

"*Considerando*: que según manifiesta el promovente es de estado viudo, y no justificándose haberse liquidado la sociedad conyugal de gananciales, ni que adquiriera después de viudo dicho inmueble, no es posible hacerse a su favor la declaratoria de dominio que se interesa.

"No ha lugar a declararse a favor del recurrente el dominio del inmueble descrito en el primer resultando. Lo acordaron y firman los señores del tribunal y certifico. Juan Morera Martínez, Frank H. Richmond, José Tous Soto. Luis Méndez Vaz."

*Resultando*: que contra la expresada sentencia interpuso apelación la representación del promovente la que le fué admitida libremente y en ambos efectos, y que elevados los autos a esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, a la que sólo asistió el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Emigdio S. Ginorio.*

Abogado del Pueblo: *Sr. Emilio del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando* además que los testigos Don Cristino Díaz y Mundo y Mariano Hernández y Hernández y Don José Mederos Corujo presentados por el promovente, declararon que era cierto, y les constaba de ciencia propia, que su presentante es dueño en pleno dominio de la finca rústica de que se trata en el presente informativo, habiéndola adquirido por (*) compra a Isaías Mundo, José Rodríguez, Toribio Quiñones y Victoriano García.

*Considerando*: que apreciada la prueba ofrecida por el promovente Don Juan Figueroa y Campos, y que se reduce a las declaraciones de los tres testigos expresados, no es posible accederse a la declaratoria de dominio que solicita, toda vez que los testigos no acreditan el tiempo de posesión que lleva el promovente, ni el que poseyeran sus causantes, ni si poseía o nó con título, y en caso afirmativo cuál fuera éste, requisito necesario para probar la adquisición del dominio de un inmueble por la prescripción ordinaria, o sea de menos de 30 años.

*Vistos* el artículo 395 de la Ley Hipotecaria, la Orden Judicial de 4 de abril de 1899 y los artículos aplicables al caso, del antiguo Código Civil y del vigente.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada en cuanto por ella se resuelve no haber lugar a declararse a favor del recurrente el dominio del inmueble descrito en el primer resultando, con las costas a su cargo.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.