Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **HERNAN A. IRENE BERLINGERI**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS**<br><br>Recurrida | KLRA202400193 | **REVISION ADMINISTRATIVA**<br>Procedente del Departamento del Trabajo y Recursos Humanos<br><br>Civil núm.: AC-22-89<br><br>Sobre: **DESPIDO INJUSTIFICADO** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparece ante nos, Hernán Irene Berlingeri, en adelante, Irene Berlingeri o recurrente, solicitando que revisemos la *"Resolución"* emitida por la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos, en adelante, OMA o recurrida. En la resolución recurrida, notificada el 7 de marzo de 2024, el OMA dejó sin efecto la *"Resolución y Orden"* del 31 de enero de 2024, mediante la cual había declarado "Ha Lugar" la querella del recurrente en contra de su patrono, Puerto Rico Pizza, Inc., HNC Little Caesar's, en adelante, Little Caesar's.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de epígrafe por *falta de jurisdicción.*

### I.

Irene Berlingeri comenzó a trabajar para Little Caesar's en agosto del año 2008, hasta el 14 de julio de 2021, cuando fue despedido.[1] El 10 de febrero de 2022, el OMA reclamó

---

[1] Apéndice del recurso, pág. 11.

extrajudicialmente la suma de $18,495.00 a Little Caesar's, a favor del recurrente, por concepto de despido injustificado.[2]

El 10 de mayo de 2022, OMA emitió una *"Notificación de Cesión Inicial de Conciliación o Mediación"* para el 17 de mayo de 2022.[3] El 15 de mayo del mismo año, Little Caesar's notificó que comparecería por vía telefónica.[4] Sin embargo, el 13 de julio de 2022, Irene Berlingeri presentó una querella contra Little Caesar's, ante OMA. La querellada alega que, el 25 de julio de 2022, presentó su contestación a la misma.[5] El OMA ha sostenido durante el transcurso del caso de marras que nunca recibió esa contestación.[6]

Posteriormente, el 25 de agosto de 2022, OMA notificó un señalamiento de vista adjudicativa para el 19 de enero de 2023.[7] Llegado el mes señalado para la mencionada vista, el 11 de enero de 2023, Irene Berlingeri presentó una *"Solicitud de Transferencia de Vista",[8]* quedando la misma reseñalada para el 8 de junio de 2023.[9] Esta última vista fue nuevamente reseñalada, esta vez para el *6 de noviembre de 2023*,[10] luego de que Little Caesar's solicitara su suspensión.[11]

Llegado el día de la vista pautada, Little Caesar's no compareció, por lo que OMA emitió una *"Resolución Interlocutoria"* el 19 de diciembre de 2023.[12] Mediante su dictamen, la recurrida indicó que, por no haberse justificado la ausencia, continuó con los procedimientos de manera ex parte, y que, a consecución de los mismos, concedería el remedio solicitado.[13]

---

[2] Apéndice del recurso, pág. 202.
[3] *Id.* pág. 153.
[4] *Id.*
[5] *Id.* pág. 61.
[6] *Id.* pág. 2.
[7] *Id.* pág. 6.
[8] *Id.* pág. 17.
[9] *Id.* pág. 20.
[10] *Id.* pág. 28.
[11] *Id.* pág. 23.
[12] *Id.* pág. 31.
[13] *Id.*

El 3 de enero de 2024, Little Caesar's presentó una moción ante OMA, solicitando que reconsidere su último dictamen.[14] Indicó que siempre ha comparecido, y que contestó oportunamente la querella. También, arguyó que la última notificación de reseñalamiento *no la recibió por correo.* El 10 de enero de 2024, la recurrente presentó su oposición a la solicitud de reconsideración.[15] En su contestación, Irene Berlingeri señaló que nunca recibió la contestación a la querella de Little Caesar's, y que el abogado de la querellada recibió las notificaciones por correo electrónico.

Así las cosas, el 12 de enero de 2024, OMA emitió una *"Resolución Interlocutoria"* informando que nunca recibió la contestación a la querella por parte de Little Caesar's, y que esta no compareció a la vista administrativa celebrada en el mes de noviembre del año 2023.[16] El 29 de enero de 2024, Little Caesar's presentó otra moción solicitando reconsideración.

No obstante, el 31 de enero de 2024, OMA emitió una *"Resolución y Orden",* donde anotó la rebeldía y ordenó a Little Caesar's a compensar al recurrente por la cantidad de $18,495.00, por concepto de despido injustificado, además de una suma de $2,774.25.00, para sufragar los honorarios de abogado.[17]

Posteriormente, el 5 de febrero de 2024, Little Caesar's presentó una *"Moción sobre Solicitud de Regrabación de los Procedimientos y Solicitando Acceso al Expediente"* ante OMA.[18] El 6 de febrero de 2024, Irene Berlingeri replicó a esta última.[19] En la misma, aduce la recurrente que Little Caesar's insiste, de manera frívola, en dilatar la culminación de la controversia entre ambos.

---

[14] Apéndice del recurso, pág. 34.
[15] *Id.* pág. 39.
[16] *Id.* pág. 45.
[17] *Id.* pág. 105.
[18] *Id.* pág. 110.
[19] *Id.* pág. 114.

En una nueva moción de reconsideración, Little Caesar's plantea que del expediente de OMA surge que la notificación por correo electrónico para la vista del 6 de noviembre de 2023 rebotó, y que no consta en la misma prueba de que haya sido notificada de alguna otra forma.[20] Ese mismo día, la recurrente presentó su contestación a la última reconsideración solicitada por la querellada.[21] Finalmente, mediante *"Resolución"* del 7 de marzo de 2024, OMA reconoce que, aunque no hay evidencia del recibo de la contestación a la querella, las notificaciones para la celebración de la vista el 6 de noviembre de 2023, *no fueron adecuadas.*[22] Por ello, OMA dejó sin efecto su *"Resolución y Orden"* del 31 de enero de 2024 y señaló una nueva vista administrativa para el 20 de mayo de 2024.[23]

Sin embargo, el 19 de marzo de 2024, Irene Berlingeri presentó una *"Solicitud de Reconsideración"*, la cual no fue contestada.[24] Luego, el 12 de abril de 2024, Irene Berlingeri recurre ante esta Curia, mediante una *"Solicitud en Auxilio de Jurisdicción"*, solicitando que paralicemos los efectos de la *"Resolución"* emitida por la agencia el 7 de marzo de 2023. Mediante *"Resolución"* del 15 de abril de 2024, declaramos "No Ha Lugar" a la solicitud en auxilio de jurisdicción del recurrente.

En el recurso de Revisión Judicial, que también presentó el 12 de abril de 2024, el recurrente nos hace los siguientes señalamientos de error:

> **PRIMER ERROR**: ERRÓ LA AGENCIA AL DEJAR SIN EFECTO LA RESOLUCIÓN EMITIDA EL 31 DE ENERO DE 2024 POR UNA ALEGACIÓN DE FALTA DE NOTIFICACIÓN, CUANDO EL LCDO. ERNESTO DELGADO SOTO FUE EFECTIVAMENTE NOTIFICADO Y COMPARECIÓ

---

[20] Apéndice del recurso, pág. 121.
[21] *Id.* pág. 143.
[22] *Id.* pág. 2.
[23] *Id.* pág. 3
[24] *Id.* pág. 173.

POSTERIORMENTE EN REPRESENTACIÓN DE LA PARTE RECURRIDA, SOLICITANDO TRANSFERENCIA DE VISTA. **SEGUNDO ERROR**: ERRÓ LA AGENCIA AL DEJAR SIN EFECTO LA RESOLUCIÓN EMITIDA EL 31 DE ENERO DE 2024 CUANDO SURGE DEL EXPEDIENTE QUE TODAS LAS NOTIFICACIONES DE LA AGENCIA FUERON DEBIDAMENTE NOTIFICADAS AL REPRESENTANTE LEGAL DEL PATRONO A LA DIRECCIÓN QUE SURGE DE RUA.

**II.**

**A. Jurisdicción**

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *R & B Power Inc. v. Junta Subastas Adm. Serv. Generales*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves*, 209

DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo motu proprio. Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada regla dispone que este Tribunal, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

*(1) que el Tribunal de Apelaciones carece de jurisdicción;*
(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
(3) que no se ha presentado o proseguido con diligencia o de buena fe;
(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
(5) que el recurso se ha convertido en académico.

**B. Revisión de Agencias Administrativas**

Sabido es, que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Capote Rivera y otros v. Voilí Voilá Corporation y otros*, 2024 TSPR 29, 213 DPR ___ (2024); *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud*, 210 DPR 79, 88-89 (2022); *Super Asphalt v. AFI y*

*otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. Id.; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012).

El Art. 4.006, de la Ley de la Judicatura de 2003, 4 LPRA sec. 24y, establece en su inciso (c) la competencia del Tribunal de Apelaciones. A esos efectos, dispone que este Foro conocerá mediante recurso de revisión judicial, las decisiones, ***órdenes y resoluciones finales*** de organismos o agencias administrativas. *AAA v. UIA,* 200 DPR 903, 910-911 (2018); *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527, 543 (2006); *Procuradora Paciente v. MCS,* 163 DPR 21, 33-34 (2004).

Por su parte, la Sección 1.3 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, 3 LPRA sec. 9601, define "orden o resolución" como "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas, excluyendo órdenes ejecutivas emitidas por el Gobernador". Además, la precitada sección define "orden interlocutoria" como "aquella acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto meramente procesal".

La Sec. 4.2 de la LPAUG, supra, sec. 9672, también establece que la revisión administrativa ante el Tribunal de Apelaciones ***se hará respecto a las órdenes o resoluciones finales***, luego de que el recurrente haya agotado "todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente". Es decir, no serán revisables directamente a este

Tribunal las órdenes o resoluciones interlocutorias de una agencia, esto es, aquellas que se emitan durante los procesos administrativos que se desarrollan por etapas, y no sean finales. A esos efectos, esta misma sección provee que la disposición interlocutoria de la agencia **_podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia._**

A pesar de que la LPAUG no define el término "orden o resolución final", esta contiene una descripción de lo que una tiene que incluir para ser considerada final. En su Sección 3.14, supra, sec. 9654, este cuerpo estatutario requiere que se incluyan determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación, además de añadir la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso. _J. Exam. Tec. Méd. V. Elías et al.,_ 144 DPR 483, 489-490 (1997).

Por su parte, el Tribunal Supremo de Puerto Rico ha establecido que para que una orden emitida por una agencia pueda ser revisada ante el Tribunal de Apelaciones, deben cumplirse dos requisitos: (i) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia y (ii) que la resolución sea final y no interlocutoria. _Depto. Educ. v. Sindicato Puertorriqueño_, supra, pág. 543; _Procuradora Paciente v. MCS,_ supra, a las págs. 34-35. Se entiende como final la orden o resolución emitida por la última autoridad decisoria o adjudicativa de la agencia administrativa. _Bird Const. Corp. v. A.E.E.,_ 152 DPR 928, 935 (2000). Nuestro Alto Foro lo ha descrito como una orden o resolución que "le ponga fin al caso ante la agencia y que tenga efectos sustanciales sobre las partes". _Crespo Claudio v. O.E.G.,_ 173 DPR 804, 812-813 (2008); _Comisionado Seguros v. Universal,_ 167 DPR 21, 28-29 (2006).

**III.**

El recurrente en el caso de epígrafe nos solicita que revisemos la *"Resolución"* de la recurrida del 7 de marzo de 2024, por medio de la cual dejó sin efecto la *"Resolución y Orden"* del 31 de enero de 2024. En esta última, OMA había declarado con lugar la querella de Irene Berlingeri.

Sin embargo, por entender que sí se cometieron las faltas en las notificaciones alegadas por Little Caesar's, la recurrida dejó sin efecto la determinación final del 31 de enero de 2024. Mediante su dictamen, la recurrida, ordenó una nueva vista, y en esencia, proveyó para la continuación de los procesos. Justipreciamos que, mediante la resolución recurrida, la controversia versada ante OMA no se adjudicó de manera final.

Como explicáramos previamente, este Tribunal debe evaluar si se encuentra en posición para entender sobre las determinaciones administrativas, y si cuenta con jurisdicción para así hacerlo. Entendemos que la resolución recurrida es, conforme lo establecido en la LPAUG y la jurisprudencia, de *carácter interlocutorio*. La controversia en el caso de epígrafe continua viva en el foro administrativo, por lo que *carecemos de jurisdicción* para intervenir en esta etapa.

**IV.**

Por los fundamentos que antecede, *desestimamos el recurso por falta de jurisdicción.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones